UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CV-06-10030-04 |
| VERSUS | |
| KEVIN MORRIS | DISTRICT JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Before the court are two letter motions filed by petitioner, Kevin Morris ("Morris"). The first, entitled Motion to Remove Detainer and for Credit of Prior Custody (Doc. Item 106) was filed on February 26, 2008 and the second, entitled Second Motion to Remove Detainer and for Credit of Prior Custody (Doc. Item 108) was filed February 27, 2008.[1]

In 2007, Morris entered a guilty plea in the Western District of Louisiana, Alexandria Division, to one count of conspiracy and was sentenced to 15 months imprisonment which was to run concurrently with any undischarged term of his Louisiana State sentence of imprisonment.[2]

---

[1] These motions, which Morris did not style under any particular statute, were improperly docketed under the above criminal action number. These motions are properly classified as Section 2241 motions and should be docketed as such.

[2] Morris was also sentenced to pay a special assessment of $100 and a total restitution in the amount of $6,649.63, owed jointly and severally with his co-defendant, Anita Morris. Upon

Morris contends the Bureau of Prisons has miscalculated his sentence by failing to give him credit for time served prior to imposition of sentence (271 days), and alleges that the federal detainer should be lifted so that he may be released to a half-way house and earn money which will assist him in successfully re-entering society.

Title 18 of the United States Code, Section 3585(b), provides, in pertinent part:

> **Credit for prior custody** - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The Attorney General, through the BOP, computes the appropriate amount of credit to be allowed under § 3585(b) after a defendant has begun to serve his sentence. <u>United States v. Wilson</u>, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). In <u>Wilson</u>, the United States Supreme Court interpreted 18 U.S.C. § 3585(b), and held that § 3585(b) does not authorize a district

---

release from imprisonment, Morris shall serve a term of three years on supervised release with standard and special conditions.

court to compute credit for time spent in official detention at sentencing, but that credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing. Prisoners may then seek administrative review of the computations of their credit, 28 C.F.R. §§ 542.10-542.16 and, once they have exhausted their administrative remedies, prisoners may only then pursue judicial review of these computations. U.S. v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992), citing, Wilson, 503 U.S. at 333.

In the case at bar, the record before the court does not show whether Morris has exhausted his administrative remedies with the Bureau of Prisons.

Therefore, Morris should provide the following information to this court: **copies of all applications for relief he has made through the Bureau of Prisons as to his sentence, and copies of all responses and administrative decisions from the Bureau of Prisons. Morris should also amend his petition by filling out and filing the Section 2241 forms.**

Accordingly,

**THE CLERK IS ORDERED** to serve the petitioner with a copy of this order as well as the forms Morris needs to properly file his Section 2241 motion.

**IT IS FURTHER ORDERED** that the petitioner be allowed to amend his petition, within thirty (30) days of the filing of this Order, to provide the necessary information on the appropriate forms and

to show exhaustion. Failure to do so will result in a recommendation that his petition be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Alexandria, Louisiana, on this 15th day of March, 2008.

```
                              _____
                                     JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```