UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CV06-10030-A |
| VERSUS | |
| KEVIN MORRIS | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Before the court are two motions to remove a federal detainer and to receive credit for federal custody prior to sentencing filed by Kevin Morris ("Morris") on February 26 and 26, 2008 (Docs. 106, 108). Since Morris is challenging the manner in which his sentence is being carried out, these motions fall within the ambit of 28 U.S.C. § 2241.[1]

Morris was convicted in 2007, in the U.S. District Court for the Western District of Louisiana, Alexandria Division, on one count of conspiracy to defraud the United States and was sentenced to fifteen months imprisonment, to run concurrently with an already-imposed Louisiana state court sentence (Doc. 73). Morris' federal conviction and sentence are currently before the Fifth

---

[1] Morris did not cite which statute he is making his claim under. Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee v. Wetzel, 244 F.3d 370, 372 (5th Cir. 2001).

Circuit on appeal (Doc. 78).

Morris states that he is presently serving both his state and federal sentences at the Winn Correctional Center ("WCC") in Winnfield, Louisiana (Doc. 108). Morris asks for injunctive relief to have the federal detainer on him removed because it precludes his eligibility for a state work release program or for confinement in a state half-way house where he can earn money (Doc. 108). Morris also asks this court to order the BOP to give him credit on his federal sentence for 271 days served prior to trial (Docs. 106, 108).

Federal regulations afford federal prisoners administrative review of the computation of their sentences, and prisoners may seek judicial review of those computations after exhausting their administrative remedies. U.S. v. Wilson, 503 U.S. 329, 335-336, 112 S.Ct. 1351, 1355 (1992), and cases cited therein. The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq. The first step of the administrative remedy is an informal resolution attempt filed with the prison staff. 28 C.F.R. § 542.13. The second step is a formal grievance filed with the warden. 28 C.F.R. § 542.14. The regulations also provide for an appeals at the third and fourth steps as set forth below in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional

Director's decision to the General Counsel.

> § 542.15 Appeals.
> (a) Submission. An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.
> (b) Form.
> (1) Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution Request and response. Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP- 11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses. Appeals shall state specifically the reason for appeal.
> (2) An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal.
> (3) An inmate shall complete the appropriate form with all requested identifying information and shall state the reasons for the Appeal in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 1/2 " x 11") continuation page. The inmate shall provide two additional copies of any continuation page and exhibits with the regional Appeal, and three additional copies with an Appeal to the Central Office (the inmate is also to provide copies of exhibits used at the prior level(s) of appeal). The inmate shall date and sign the Appeal and mail it to the appropriate Regional Director, if a Regional Appeal, or to the National Inmate Appeals Administrator, Office of General Counsel, if a Central Office Appeal (see 28 CFR part 503 for addresses of the Central Office and Regional Offices).

Morris has not provided this court with copies of his administrative responses from the BOP. Accordingly,

**IT IS ORDERED** that Morris must demonstrate full exhaustion of his administrative remedies by providing the court with copies of his appeals to and responses from the warden, the Regional Director, and the General Counsel **within forty-five (45) days** from the date of this order.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 23rd day of June, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE