RECEIVED
APR - 3 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CR06-10030-04<br>CV09-00269-A |
| VERSUS | |
| KEVIN MORRIS | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Kevin Morris ("Morris") filed a motion to vacate, set aside, or correct sentence (Doc. 119) pursuant to 28 U.S.C. § 2255 on November 3, 2008, contesting his June 2007 conviction and sentence. Morris entered a guilty plea, in the United States District Court for the Western District of Louisiana, to one count of conspiracy to defraud the United States. U.S. v. Morris, 297 Fed. Appx. 375 (5th Cir. 2008). Morris was sentenced to 15 months imprisonment and is currently imprisoned in the Winn Correctional Center in Winnfield, Louisiana.

The sole ground for relief raised by Morris in his motion is whether he had ineffective assistance of counsel with regard to arraignment. Morris raised this on direct appeal, but the Fifth Circuit Court of Appeal declined to review it because the record was not sufficiently developed to evaluate the substance of the

5

claim on direct appeal (Doc. 117). The Court of Appeal specifically reserved Morris' right to raise this issue in a Section 2255 motion.

The Law of §2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319 (1992). The scope of relief under §2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver

of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

A claim may not be reviewed under §2255 absent a showing of cause and prejudice or actual innocence. U.S. v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under §2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. U.S. v. Shaid, 937 F.2d at 229. The cause and prejudice test, however, does not apply to claims of ineffective assistance of counsel which are ordinarily brought for the first time on collateral review. U.S. v. Gaudet, 81 F.3d 585, 589 n.5 (5th Cir. 1996), citing U.S. v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Also, U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

Ineffective Assistance of Counsel

Morris contends he had ineffective assistance of counsel because he was never arraigned.

3

The court minutes reflect that Morris was arraigned, along with his co-defendants, on October 11, 2006 (Doc. 18), and the recording of the arraignment proves the accuracy of the court minutes. Morris was present with counsel at that proceeding, was properly arraigned, entered a not guilty plea to all charges, and was remanded to the custody of the United States Marshal for pretrial detention.

Even if Morris had not been arraigned, that issue would have been waived by his guilty plea. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of guilty plea. He may only attack the voluntary and intelligent character of the guilty plea. Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973). Also, Matthew v. Johnson, 201 F.3d 353, 364 (5th Cir. 2000), cert. den., 531 U.S. 830, 121 S.Ct. 291 (2000); Jamme v. Cockrell, 2002 WL 1878403, *6 (N.D.Tex. 2002)(defendant waived his right to contend that he was never arraigned by entering a guilty plea).

Therefore, this issue is meritless and Morris' Section 2255 motion should be denied and dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Morris' motion to vacate, set aside, or correct sentence (Doc. 119) be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 3rd day of April, 2009.

JAMES D. KIRK
United States Magistrate Judge